RICHARD BECKER, PLAINTIFF-RESPONDENT, v. HELEN C. WARING, DEFENDANT-APPELLANT.

Submitted May 6, 1947—Decided June 10, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the defendant-appellant, *Ervin E. Field* and *Joseph Coult, Jr.*

For the plaintiff-respondent, *Edward G. Weiss.*

The opinion of the court was delivered by

BODINE, J. Plaintiff had judgment for damages caused to his 1946 Chrysler automobile, when it was struck while being driven in a southerly direction on Prospect Avenue while approaching the intersection of that thoroughfare with the American Legion Drive in Hackensack by a car driven in a westerly direction by the defendant.

The case was tried without a jury. The state of the case, as settled by the court, reveals that the plaintiff was driving in a southerly direction on Prospect Avenue at a rate of speed between 25 and 35 miles per hour. When he reached the knoll, in the highway at the railroad bridge, he was approximately 75 feet from the intersection and in proceeding down grade he noticed the vehicle of the defendant who was traveling at about the same rate of speed as he was. The defendant was approaching from his left. Fearing that the defendant was not observing his approach he applied his brakes. He estimated the skid marks running north from his rear wheels about 40 feet. The road was dry and the brakes were in good condition. The accident occurred shortly

before noon. He was not wearing glasses, although his driver's license·was. conditioned that he should wear them. But he testified that his eye condition had improved, and that he had recently obtained a license in Connecticut which contained no such requirement. The car was hit between the left front door and the front bumper. The main damage was to the hood which·was bent over from left to right and the undercarriage was similarly pushed from left to right.

The defendant testified on her own behalf, stating that she was going about 15 miles per hour and that as she approached the intersection she looked to her left and right and saw nothing coming. When she got almost across the intersection, she saw a black streak coming pretty fast a short distance away and that the cars then came in contact with each other.

American Legion Drive is a side street while Prospect Avenue is a main thoroughfare.

The police officer, who came to the scene after the accident, measured the skid marks made by plaintiff's car to be approximately 75 feet. Not much reliance is placed upon his testimony by the trial judge. There were no other witnesses to the accident called.

Judgment was rendered in favor of the plaintiff for the cost of repairs to his car proved by a mechanic, together with costs of suit.

The appellant contends that there was trial error in the refusal to nonsuit and that the plaintiff was guilty of contributory negligence from his own testimony. From the proofs appearing in the state of the case as settled by the court, it seems clear to us that the issues of negligence and contributory negligence were for the trial court and that upon that evidence the judgment was well founded. There was certainly legal evidence upon which the verdict can rest.

The Supreme Court is, therefore, in no position and cannot reverse the judgment. *Aitken* v. *John Hancock Mutual Life Insurance Co.,* 122 *N. J. L.* 436; *Pollack* v. *New Jersey Bell Telephone Co.,* 116 *Id.* 28; *Underwood* v. *Katz,* 135 *Id.* 214, and many other cases too numerous to require citation.

The judgment is affirmed, with costs.